IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WILL DAVID McLEOD,<br>    Plaintiff, | §<br>§<br>§ | |
| vs. | § | CIVIL ACTION NO. A-09-CA-273-LY |
| | § | |
| RANDALLS FOOD MARKETS,<br>BRUCE MICHAEL CHATMAN,<br>MICHELLE MARLENE MAYA,<br>KENNETH WAYNE ALEXANDER,<br>    Defendants. | §<br>§<br>§<br>§<br>§ | |

### MOTION TO DISMISS CLAIMS AGAINST DEFENDANTS CHATMAN, MAYA, AND ALEXANDER AND BRIEF IN SUPPORT

Pursuant to Federal Rules of Civil Procedure 12(b)(6), Defendants Bruce Michael Chatman ("Chatman"), Michelle Marlene Maya ("Maya"), and Kenneth Wayne Alexander ("Alexander") (collectively, the "Individual Defendants") submit the following Motion to Dismiss Plaintiff's claims against them for failure to state a claim upon which relief can be granted and Brief in Support. Specifically, claims by *pro se* Plaintiff Will David McLeod ("McLeod" or "Plaintiff") against the Individual Defendants fail because, as a matter of law, all the claims Plaintiff alleges limit liability to "employers," and none of the Individual Defendants come within that definition. In support of their motion, the Individual Defendants would respectfully show the Court the following:

### I.
### FACTUAL BACKGROUND

On or about July 4, 2008, Plaintiff filed a Charge of Discrimination with Equal Employment Opportunity Commission (EEOC), asserting claims against Defendant Randalls Food Markets ("Randalls") alleging discrimination under Title VII of the Civil Rights Act of 1964 as amended (42 U.S.C. §§ 2000e-2000e17), based on Plaintiff's alleged Hispanic national

1

origin, and discrimination under the Americans with Disabilities Act (ADA) based on an alleged disability not identified. On or about December 17, 2008, the EEOC closed its file in the EEOC Charge, issuing to Plaintiff a Notice of Suit Rights.

On or about March 17, 2009, Plaintiff filed an Original Petition in the District Court of Travis County (the "Complaint"), again alleging discrimination against Randalls on the basis of national origin and an alleged, but still unspecified, disability under the ADA. *See* Complaint. Plaintiff's Complaint names the Individual Defendants as additional parties to this lawsuit. The Complaint also appears to allege a retaliation claim not alleged in the EEOC Charge against Defendant Maya specifically, but without clear reference to its basis. Specifically, Plaintiff asserts that he suffered retaliation as a consequence of an alleged complaint concerning unspecified "verbal harassment" and "negligence" with respect to unspecified "accommodations." *See* Complaint.

On April 10, 2009, Defendant Randalls, with the consent of the Individual Defendants, noticed this Court of removal of this case from Travis County state court.

## II.
## ARGUMENT

### A.   Legal Standards

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to seek dismissal for a plaintiff's failure to state a claim upon which relief can be granted. Under Rule 12(b)(6), a court may dismiss a plaintiff's claims if the plaintiff cannot prove any set of facts in support of his claim that entitles him to relief. See *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994). The purpose of a 12(b)(6) motion is to test the legal sufficiency of a plaintiff's complaint and the Court's inquiry, accepting the complaint's well-pleaded factual allegations as true, is limited to whether those pleadings set forth allegations sufficient to make out the

2

elements of a right to relief.  *Elliott v. Foufas*, 867 F.2d 877, 880-81 (5th Cir. 1989); *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986); *O'Quinn v. Manuel*, 773 F.2d 605, 608 (5th Cir. 1985).  A court will not require "heightened fact pleading of specifics"; however, a plaintiff must plead factual allegations sufficient to make his right to relief more than speculative in order to avoid dismissal for failure to state a claim.  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 1974 (2007).  Finally, a court need not accept conclusory allegations and unwarranted deductions of fact to be true.  See *Twombly*, 127 S. Ct. at 1965; *Assoc. Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974).

**B.     Plaintiff's Claims Against The Individual Defendants Should Be Dismissed Because Supervisors, Managers, and Directors Cannot Be Held Individually Liable Under Title VII.**

Title VII limits liability to "employers."  See, e.g., *Grant v. Lone Star Co.*, 21 F.3d 649, 651-53 (5th Cir. 1994).  By statutory definition, a private right of action for discrimination in violation of Title VII may only be brought against an "employer."  42 U.S.C. § 2000e-(2)(a).  Further, it is well-settled that individual supervisors, managers, or directors of an employee cannot be held personally liable under Title VII.  See *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999); *Grant*, 21 F.3d at 652-53 (finding no individual liability under Title VII, stating that Congress "could have provided that an individual employee is prohibited from engaging in discriminatory conduct.  Instead, only an individual meeting the definition of 'employer' is so prohibited.").

Plaintiff was employed by Randalls.  Plaintiff does not contend in his Complaint that any of the Individual Defendants were his "employer" for purposes of Title VII.  Thus, the Individual Defendants are entitled to dismissal with prejudice because Plaintiff's claims are not cognizable as to the Individual Defendants, who were never Plaintiff's employer, and not even alleged as such by Plaintiff.  Quite the opposite, with respect to two of the Individual Defendants, Plaintiff

3

identifies them by way of their job titles. Plaintiff identifies Chatman as a Loss Prevention Manager, Maya as a Human Resources or Partner Relations Manager, and Alexander (an Assistant Store Director) as simply "another defendant in this case." *See* Complaint. Because Title VII does not impose individual liability on individual employees such as supervisors, managers, or directors, Plaintiff fails to state a claim against the Individual Defendants under the statute. Plaintiff's Title VII claims against the Individual Defendants must be dismissed.

Moreover, Plaintiff cannot maintain a Title VII action against the Individual Defendants because he brings his lawsuit against Randalls. A plaintiff may not maintain an action under Title VII against both an employer and its agent or agents in their official capacity. *Indest*, 164 F.3d at 262. To do so would effectively hold the corporation liable twice for the same act; the company bears the responsibility for is supervisors' or other employees' conduct where those individuals acted in their official capacities. See *id.*; see also *Jenkins*, 937 F. Supp. at 612 ("[O]fficial capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 3104-5 (1985)). To the extent that Plaintiff seeks recovery under Title VII from the Individual Defendants in their official capacities, which is all Plaintiff has alleged, such claims must be dismissed as redundant. Therefore, the Individual Defendants respectfully requests the dismissal of Plaintiff's Title VII claims against them both individually and their respective official capacities.

**C.** **Plaintiff's Complaint Against The Individual Defendants Should Be Dismissed Because The ADA Also Provides No Basis for Individual Liability**

Apart from the deficiency of Plaintiff's ADA claim in that it fails to identify <u>any</u> disability, Plaintiff's ADA claims fail with respect to the Individual Defendants for the same reasons his Title VII claims fails. Plaintiff does not contend that the Individual Defendants were

4

his "employer," and dismissal of Plaintiff's ADA claims against the Individual Defendants is proper.

The ADA does not create a private right of action against individuals. Section 12112(a) of the ADA provides that:

> No <u>covered</u> <u>entity</u> shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a) (emphasis added). The implementing regulations of the ADA define who may be liable under the Act as a "covered entity:"

> Covered entity means an employer, employment agency, labor organization, or joint labor management committee.
>
> \*   \*   \*
>
> The term employer means a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person...

29 C.F.R. § 1630(b), (e).

As noted above, the Individual Defendants in this case were not, and Plaintiff has not alleged them as, Plaintiff's employer.

As noted above, courts repeatedly hold that individuals are not proper defendants in such lawsuits under anti-discrimination statutes such as Title VII. *See Grant*, 21 F.3d at 652-53; see also *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993) (affirming dismissal of Title VII and ADEA claims against individual employees, and asserting that "[i]f Congress decided to protect small entities with limited resources from liability, it is inconceivable that

5

Congress intended to allow civil liability to run against individual employees."); *Walsh v. Nevada Dept. of Human Resources*, 471 F.3d 1033, 1037-38 (9th Cir. 2006) (deciding that the nearly universal bar on Title VII individual liability suits also applies to ADA claims); accord *Butler v. City of Prairie Village, Kansas*, 172 F.3d 736, 744 (10th Cir. 1999); *Pritchard v. Southern Co. Svcs.*, 102 F.3d 1118, 1119 (11th Cir. 1996); *EEOC v. AIC Security Investigations, Ltd.*, 55 F.3d 1276, 1279 (7th Cir. 1995). This bar on individual liability applies even to individuals holding high-ranking positions. See *EEOC v. AIC Security Investigations, Ltd.*, 55 F.3d 1276, 1281 (7th Cir. 1995) (finding no individual liability, even though the defendant was the owner and operator of the business; the court explained that the "actual reason for the 'and any agent' language in the definition of 'employer' was to ensure that courts would impose respondeat superior liability upon employers for the acts of their agents.").

This Court has likewise held that this philosophy extends to claims brought under the ADA. See *Washburn v. State of Texas*, A-07-CA-116 LY, 2008 U.S. Dist. LEXIS 3302, at *9 (W.D. Tex. Jan. 16, 2008) (dismissing ADA claims against two members of management, declaring that the Act does not provide for such individual liability); see also *Swiney v. State of Texas*, No. SA-06-CA-0941 FB, 2007 U.S. Dist. LEXIS 33651, at **8, 22 (W.D. Tex. May 7, 2007) (dismissing ADA claim against individual defendant officers, stating that regardless of which Title of the statute the plaintiff's claim fell within, there is no individual liability under the ADA). Additionally, dismissal of Plaintiff's ADA claims against the Individual Defendants is appropriate, regardless of whether Plaintiff brings claims against the respective Individual Defendants in their personal or representative capacity. See *Shabazz v. Texas Youth Commission*, 300 F. Supp. 2d 467, 473 (N.D. Tex. 2003) (granting individual defendants' motion to dismiss, stating plaintiff was precluded from bringing an ADA action, in either an individual

or representative capacity, against three employees of the organization); *Jenkins v. Board of Educ. of the Houston Indep. School Dist.*, 937 F. Supp. 608, 613 (S.D. Tex. 1996) (dismissing ADA claims against individuals in both their representative and personal capacities for failure to state a claim upon which relief could be granted). Accordingly, Plaintiff's ADA claims against the Individual Defendants should be dismissed for failing to state a claim for which relief may be granted.

### III.
### CONCLUSION

Plaintiff has failed to state a claim upon which relief can be granted as to any of the respective Individual Defendants. Specifically, none of the Individual Defendants is an "employer" under Title VII or the ADA. Accordingly, the Individual Defendants seek to dismiss all claims against them and pray that the Court grant their Motion for to Dismiss Claims.

Dated: April 16, 2009,            Respectfully submitted,

                        __/s/ Eduardo F. Cuaderes Jr._____
                        Eduardo F. Cuaderes Jr.
                        State Bar No. 05200800
                        Adam J. Peters
                        State Bar No. 24046620
                        LITTLER MENDELSON, P.C.
                        2001 Ross Avenue, Suite 1500, Lock Box 116
                        Dallas, Texas 75201.2931
                        214.880.8100; 214.880.0181 (Facsimile)
                        jcuaderes@littler.com
                        apeters@littler.com

                        Attorneys for RANDALLS FOOD MARKETS, BRUCE MICHAEL CHATMAN, MICHELLE MARLENE MAYA, and KENNETH WAYNE ALEXANDER

## CERTIFICATE OF SERVICE

I certify that the foregoing was served to the following persons via certified mail, return receipt requested, on the 16th day of April 2009, as follows:

Will David McLeod
14080 Nacodogches Road
San Antonio, Texas 78247

                                                           /s/ Adam J. Peters_____
                                                           Adam J. Peters

Firmwide:89458193.1 021710.2046